AO 93 (Rev. 11/13) Search and Seizure Warrant

**ORIGINAL**

**SEALED**

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>(757) 510-3547, IMEI 864668033324368<br>(757) 407-6410, IMEI 990000810415770 | )<br>)<br>)   Case No.   4:19sw 99<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____Eastern____ District of ____Virginia____
*(identify the person or describe the property to be searched and give its location):*

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before   ____August 29, 2019____   *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☒ for 30 days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   08/16/2019 0:00 am         *Judge's signature*

City and state:   Norfolk, Virginia         Raymond A. Jackson, United States District Judge
         *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: 4:19sw 99 | Date and time warrant executed: 8.16.19 @ 1500 | Copy of warrant and inventory left with: |
| Inventory made in the presence of: FBI SA Robert Bishop |||

Inventory of the property taken and name of any person(s) seized:

Cellular Electronic data.

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 9.27.19

*Executing officer's signature*

Lionel Jackson DEA TFO
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephones assigned call number **(757) 510-3547, IMEI 864668033324368 (757) 407-6410, IMEI 990000810415770,** (the "Target Cell Phones"), whose wireless service provider is **Verizon Wireless** a company headquartered at **1095 Avenue of the Americas, New York, New York 10013.**

2. Information about the location of the Target Cell Phones that is within the possession, custody, or control of **Verizon Wireless**, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of **Verizon Wireless**, **Verizon Wireless** is required to disclose the Location Information to the government. In addition, **Verizon Wireless** must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with **Verizon Wireless**'s services, including by initiating a signal to determine the location of the Target Cell Phone on **Verizon Wireless**'s network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate **Verizon Wireless** for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).